IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR407

ANTOINE HILL

**MEMORANDUM OPINION**

Antoine Hill, a federal inmate proceeding pro se, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. By Memorandum Opinion and Order entered on March 13, 2012, the Court dismissed all of Hill's claims for relief except for Claim 6. In Claim 6, Hill asserted that, after trial, a conflict of interest arose between himself and counsel. The Court appointed counsel to represent Hill with respect to Claim 6 and directed appointed counsel to file a particularized version of Claim 6. The Court further directed the United States to file a motion for summary judgment with respect to the particularized version of Claim 6.

On July 9, 2012, Hill, by counsel, filed a particularized version of Claim 6 wherein he asserted:

> Claim 6  Hill failed to receive his Sixth Amendment[1] right to counsel at sentencing because: (a) trial counsel, Reuben Greene, performed deficiently and his conduct prejudiced Hill; (b) Greene labored under an actual conflict of interest; (c) Greene's lack of representation of Hill with respect to

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

sentencing amounted to the constructive denial of counsel at sentencing; and, (d) the Court denied Hill his right to counsel of his choice by denying Greene's Motion to Withdraw, which Greene filed the day before sentencing.

On October 16, 2012, the Government filed its response to the particularized version of Claim 6. In its response, the Government concedes Hill's entitlement to relief on Claim 6(a). For the reasons set forth below, the Court will grant Hill's 28 U.S.C. § 2255 Motion. The Court, however, concludes that Claim 6(c), rather than Claim 6(a), entitles Hill to relief.

## I. PERTINENT FACTUAL AND PROCEDURAL HISTORY

### A. Pretrial and Trial

On October 16, 2007, a grand jury charged Hill in a three-count indictment with: possession with the intent to distribute heroin (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and, possession of a firearm by a convicted felon (Count Three). Hill retained Reuben Greene to represent him on these charges.[2]

---

[2] On November 9, 2007, Hill wrote counsel a letter discharging counsel and demanding a refund of the fee he had paid to counsel. (Mem. Supp. § 2255 Mot. (ECF NO. 55) 13; Id. Ex. C 2 (as paginated by the Court's CM/ECF docketing system).) Hill also directs the Court to a complaint against counsel that he filed with the Virginia State Bar on November 7, 2007. (Id. Ex. D 2-3 (as paginated by the Court's CM/ECF docketing system).) Hill claimed that although he paid Greene $20,000.00 on August 13, 2007, Greene never represented Hill and then refused to return the $20,000.00 when Hill told Greene that

2

On July 2, 2008, a jury found Hill guilty of the three counts charged in the Indictment. The Court set the matter for sentencing on October 7, 2008.

**B.   Post-Trial**

Hill alleges that "[t]he animosity between defendant and counsel began shortly after the trial." (Mem. Supp. § 2255 Mot. 13.)  On September 4, 2008, after Hill's jury trial, the Court received a letter from Hill requesting that the Court appoint new counsel for sentencing. (ECF No. 29 ("September 4, 2008 Letter").)  Hill attached to his letter a copy of the complaint he had filed with the Virginia State Bar and, among other correspondence, the November 9, 2007 letter to Greene.

On September 5, 2008, the Court[3] wrote Hill a letter acknowledging receipt of Hill's September 4, 2008 Letter. The Court noted that, since Hill had retained Greene, Hill had a contractual relationship with Greene and "the Court has no authority to interfere with the contractual relationship." (September 5, 2008 Letter 1.)  The Court further stated, "In the meantime, by copy of this letter to Mr. Greene, I am

---

he did not want Greene's representation. (Id. Ex. D 3; see Particularized Version of Claim 6 (ECF No. 86) Hill Aff. ¶¶ 1-4.)

[3] The late Richard L. Williams, United States District Judge, presided over Hill's sentencing.

3

informing him that the Court expects him to properly represent you at your forthcoming sentencing." (Id.)

Under the Sentencing Guidelines, Hill faced a sentence of 240 months on Count One, 360 months to life on Count Two, and 120 months on Count Three. (Presentence Report ¶ 79.) The Government requested a sentence within the Guidelines. (Position of U.S. with Respect to Sentencing 5.) Fourteen days prior to sentencing, Greene had not filed any sentencing pleading as required by the Court's Sentencing Guideline Order. (Sentencing Guideline Order ¶ 6.) Instead, at 6:34 p.m. on October 6, 2008, the day before Hill's scheduled sentencing, Greene filed a Motion to Withdraw as Counsel.

At Hill's sentencing, Greene represented that, prior to Hill's jury trial, he "was able to meet with [Hill] and talk with him and prepare." (Sent'g Tr. 6.) After trial, however, Hill's disposition toward Greene changed. (Sent'g Tr. 6.) Hill refused to meet with Greene and told Greene he did not want Greene present during the interview to prepare the Presentence Report. The Court queried Greene as to why he had not filed a motion for downward departure or variance. (Sent'g Tr. 6.) Greene explained that he had not done so because he had not spoken with Hill. (Sent'g Tr. 6-7.) Greene explained that he had presented the Presentence Report to Hill and attempted to

4

explain it to Hill. (Sent'g Tr. 7.) Hill, however, did not want to meet with Greene and acted in a threatening and hostile manner. (Sent'g Tr. 7.)

The Government declined to oppose Greene's Motion to Withdraw as Counsel. Nevertheless, the Court denied the Motion to Withdraw as Counsel as untimely. (Sent'g Tr. 7.)

The Court then gave Greene an opportunity to speak on Hill's behalf. Hill did not want Greene to say anything on his behalf. Therefore, Greene never made any argument for Hill's benefit at sentencing. The entirety of Hill's argument as to an appropriate sentence was "Well, have mercy on me." (Sent'g Tr. 9.) The Court did.

The Court imposed a variant sentence of 300 months.[4] The Court noted, "The defendant has a low IQ, no real education, and a fairly modest criminal history, even though he qualified as a career offender. That resulted from the fact of three fairly small drug convictions, and then a whole lot of traffic violations." (Sent'g Tr. 11.)

On October 8, 2008, Greene filed a notice of appeal and a Second Motion to Withdraw as Counsel. On October 9, 2008, the Court granted the Second Motion to Withdraw as Counsel.

---

[4] The sentence consisted of 240 months on Count One, 120 months on Count Three, to be served concurrently, and 60 months on Count Two, to be served consecutively to Counts One and Three. (Sent'g Tr. 10.)

5

On appeal, Timothy V. Anderson represented Hill. The United States Court of Appeals for the Fourth Circuit denied Hill's appeal. <u>United States v. Hill</u>, 340 F. App'x 950, 953 (4th Cir. 2009).

## II. **ANALYSIS**

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of <u>Strickland</u>, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" <u>Burch v. Corcoran</u>, 273 F.3d 577, 588 (4th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

Prejudice in the context of sentencing generally requires the litigant to demonstrate a reasonable probability that, but for counsel deficient performance, he would have received "less prison time." <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1409

(2012)(citing Glover v. United States, 531 U.S. 198, 203 (2001)). The Government concedes that Hill failed to receive the effective assistance of counsel at sentencing. The Government, however, fails to address, and the record fails to readily reveal, why, under the present circumstances, Hill might have received less prison time.

"There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." United States v. Cronic, 466 U.S. 648, 658 (1984). "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." Strickland, 466 U.S. at 692. As pertinent here, "Cronic['s presumption of prejudice] applies when 'there [is] a breakdown in the adversarial process," 466 U.S. at 662, such that 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.'" Wright v. Van Patten, 552 U.S. 120, 124 n.* (2008) (internal parallel citations omitted) (second alteration in original) (quoting Cronic, 466 U.S. at 659); see Lenz v. Washington, 444 F.3d 295, 303-04 (4th Cir. 2006) (stating that a constructive denial of counsel "arises only when a lawyer entirely fails to subject the prosecution's case to meaningful adversarial testing, and thus

might as well be absent from the proceedings") (internal quotation marks and citations omitted).

The Supreme Court emphasized that "[f]or purposes of distinguishing between the rule of Strickland and that of Cronic, [the] difference is not degree but of kind." Bell v. Cone, 535 U.S. 685, 697 (2002). "In the wake of Bell, courts have rarely applied Cronic, emphasizing that only non-representation, not poor representation, triggers a presumption of prejudice." Miller v. Martin, 481 F.3d 468, 473 (7th Cir. 2007) (citing United States v. Theodore, 468 F.3d 52, 57 (1st Cir. 2006); United States v. White, 341 F.3d 673, 679 (8th Cir. 2003); Jackson v. Johnson, 150 F.3d 520, 525 (5th Cir. 1998)). The Supreme Court indicated that a claim that "counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole" would fall under the rule of Cronic, but a claim that "counsel failed to [challenge the prosecution] at specific points" during sentencing would fall under Strickland. Bell, 535 U.S. at 697; see White, 341 F.3d at 679 (observing that Chronic applies only when "counsel completely failed to participate in the proceedings"); Jackson, 150 F.3d at 525 (concluding Chronic governs claims only when "counsel 'was not merely incompetent but inert'" (quoting Childress v. Johnson, 103 F.3d 1221, 1228 (5th Cir. 1997))).

Here, Greene completely "failed to oppose the prosecution throughout the sentencing proceeding as a whole." Bell, 535 U.S. at 697.[5] Prior to sentencing, Greene failed to file any sentencing pleading as required by the Court's Sentencing Guideline Order. (Sentencing Guideline Order ¶ 6.) At sentencing, Greene made no argument whatsoever with respect to Hill's sentence. Such a complete lack of advocacy constitutes the constructive denial of counsel at sentencing. See Miller, 481 F.3d 472-73. Accordingly, the § 2255 Motion will be granted with respect to Claim 6(c). Greene's remaining claims will be dismissed as moot. The matter will be set for resentencing.

Hill's pro se Motion for an Evidentiary Hearing (ECF No. 72) will be denied as moot. Furthermore, because Hill fails to demonstrate entitlement to release, Hill's pro se Motion for Bond Release Pending Appeal (ECF No. 73) will be denied.

On September 20, 2012, Hill filed a one-page, pro se Motion for Summary Judgment with respect to his particularized version of Claim 6. Because Hill fails to demonstrate in that motion entitlement to relief with respect to Claim 6, other than what

---

[5] The record fails to suggest that Greene's lack of advocacy with respect to sentencing flowed from any particular strategy. Rather, Greene's silence flowed from the predicament caused by Greene's failure to timely alert the Court to the deterioration of his relationship with Hill.

9

the Court already has granted, the Motion for Summary Judgment (ECF No. 95) will be denied.

An appropriate Final Order with respect to the § 2255 Motion will issue after the Court conducts the resentencing.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Hill and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 18, 2013
Richmond, Virginia